IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ERIA CHARISSE O'MEARA                                                      PLAINTIFF

VERSUS                                      CIVIL ACTION NO. 1:08-cv-1405-LG-RHW

PEARL RIVER COUNTY JAIL, TONYA COMOEAUX,
DREW DANOS, RITA LUMPKIN, JOE STEWART,
RONNIE WALTERS                                                            DEFENDANTS

## ORDER OF PARTIAL DISMISSAL

This cause is before the Court, *sua sponte*, for consideration of partial dismissal. Plaintiff, Eria Charisse O'Meara, an inmate currently confined in the Pearl River County Jail, Poplarville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named Defendants are Pearl River County Jail, Tonya Comoeaux, Drew Danos, Rita Lumpkin, Joe Stewart and Ronnie Walters. In his response [10], Plaintiff voluntarily dismissed Pearl River County Jail from this cause and named Pearl River County as a Defendant. The Clerk is directed to edit the docket accordingly.

### DISCUSSION

This Court finds that at this stage of the screening process Plaintiff has stated an arguable claim against Defendants Pearl River County, Rita Lumpkin, Joe Stewart and Ronnie Walters. However, as discussed below, Plaintiff cannot maintain this § 1983 civil action against Defendants Tonya Comoeaux and Drew Danos.

In order to have a viable claim under 42 U.S.C. § 1983, a Plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v.*

*Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). The Court in *West* concluded that, in order to act under color of state law, the Defendant in an § 1983 action must have exercised power which the Defendant possessed by virtue of state law, and the exercise of that power must be "made possible only because the wrongdoer is clothed with authority of state law." *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The allegations in the Complaint indicate that Defendants Comoeaux and Danos are private citizens who were also in custody at the Pearl River County Jail. Plaintiff alleges that he was assaulted by these fellow inmates. There are no allegations tending to show that these Defendants were state actors or that they conspired with any state actors. Any deprivation Plaintiff allegedly suffered at the hands of these Defendants was not "under color of state law." Therefore, Plaintiff cannot maintain this § 1983 civil action against Defendants Comoeaux and Danos.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Clerk is directed to replace Pearl River County Jail with Pearl River County as a Defendant in this cause.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Comoeaux and Danos are dismissed with prejudice as Defendants. A separate order directing summons to issue for the remaining Defendants will be entered.

**SO ORDERED AND ADJUDGED** this the 25th day of March, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE